*IFP Submitted*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

– No cv- 30

FILED
CLERK, U.S. DISTRICT COURT

AUG 3 0 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| GREGORY BURKE; AND ALEXIS BURKE | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| KINGSTON MIKHAIL LINDNER; JONATHAN LINDNER; KAREN LINDNER; GEICO GENERAL INSURANCE COMPANY AND GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No.: 8:22-cv-01609-DOC (ADSx)

- *Jury Trial Requested* -

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

COMES NOW GREGORY BURKE AND ALEXIS BURKE, Plaintiffs, and in support of the complaint allege as follows:

## I.     PARTIES

1.1     Plaintiff GREGORY BURKE is a resident of the State of California, County of Orange.

1.2     Plaintiff ALEXIS BURKE is a resident of the State of California, County of Orange.

1.3     Plaintiffs Alexis Burke and Gregory Burke are collectively referred to as "Plaintiffs."

1.4     Plaintiffs are informed and believe, and thereon allege, that Defendant KINGSTON MIKHAIL LINDNER is a resident of the State of Colorado, Eagle County.

1.5     Plaintiffs are informed and believe, and thereon allege, that Defendant JONATHAN LINDNER is a resident of the State of Colorado, Eagle County.

1.6     Plaintiffs are informed and believe, and thereon allege, that Defendant KAREN LINDNER is a resident of the State of Florida, Okaloosa County.

1.7     Plaintiffs are informed and believe, and thereon allege, that Defendant GEICO GENERAL INSURANCE COMPANY is a business entity, form unknown, with its headquarters located in Maryland, County of Montgomery.

1.8    Plaintiffs are informed and believe, and thereon allege, that Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY, is a business entity, form unknown, with its headquarters located in Maryland, County of Montgomery.

1.9    Defendants GEICO General Insurance Company and Government Employees Insurance Company will be collectively referred to as "GEICO."

1.10    At all times material to the claims in this complaint, GEICO was authorized and conducted business in the State of California. GEICO is registered with the California Secretary of State and has designated CT Corporate Systems as its Registered Agent for Service of Process. CT Corporate Systems is located at 303 N. Brand Blvd., Ste. 700, Glendale, CA 91203.

## II.    JURISDICTION & VENUE

2.1    The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). Plaintiffs are citizens of the California. Defendants Kingston Lindner and Jonathan Lindner are citizens of the State of Colorado. Defendant Karen Lindner is a citizen of the State of Florida. GEICO is a citizen of the State of Maryland. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

2.2    Venue is properly before this Court under 28 USC § 1391(a) (2), because a substantial part of the events giving rise to this claim, including the

purchase of insurance, coverage issues, medical treatment and damages has occurred in Orange County, California.

## III.    BACKGROUND

3.1     On or about October 16, 2021, Christina Burke and Gregory Burke were visiting their daughter in Boulder, Colorado, for parent's weekend at the University of Colorado. Christina Burke was driving a rental car and Alexis Burke and Gregory Burke were passengers. Plaintiffs were at a complete stop in traffic.

3.2     Defendant Kingston Lindner was looking at his cell phone and texting when he slammed into the rear of Plaintiffs' vehicle at over 40 MPH. Defendant Kingston Lindner was wanton and reckless in the operation of his vehicle by knowingly and intentionally texting while driving without regard for the safety of others. Studies show that the use of cell phones while driving is as dangerous as driving after consuming four alcoholic beverages.

3.3     Defendants Jonathan Lindner and Karen Lindner are the registered owners of the subject vehicle and negligently entrusted the subject vehicle to Kingston Lindner.

3.4     Plaintiffs are insured through GEICO. Plaintiffs have suffered in excess of $500,000 in present and future medical treatment, pain and suffering and future rehabilitation. Plaintiffs are informed and believes, and thereon allege, the

medical expenses exceed the limits of Defendants Jonathan Lindner and Karen

Lindner's policy of insurance. GEICO, in bad faith, has refused to pay Plaintiffs'

medical expenses, has failed to reasonably investigate Plaintiffs' claim, and has

unreasonably failed to provide its reason for refusing to pay Plaintiff's medical

expenses in a denial letter.

## IV.   FIRST CAUSE OF ACTION FOR NEGLIGENCE PER SE:
## DEFENDANT KINGSTON LINDNER

4.1    Plaintiffs incorporates by reference Paragraphs 1 through 3.4,

inclusive, of this complaint.

4.2    On or about October 16, 2021, Christina Burke and Gregory Burke

were visiting their daughter in Boulder, Colorado, for parent's weekend at the

University of Colorado. Christina Burke was driving a rental car and Alexis Burke

and Gregory Burke were passengers. Plaintiffs were at a complete stop in traffic.

Defendant Kingston Linder was looking at his cell phone and texting when he

slammed into the rear of Plaintiffs' vehicle at over 40 MPH.

4.3    CRS 42-4-239 is the Colorado statute that makes it a crime for a

person 18 years of age or older to text while operating a motor vehicle. Defendant

Kingston Linder knowingly and willingly violated the law, establishing negligence

per se.

4.4    Plaintiffs have suffered in excess of $500,000 in present and future medical treatment, pain and suffering and future rehabilitation.

4.5    Defendant Kingston Lindner's failure to use care was a direct and proximate cause of Plaintiffs' injuries and damages as described more thoroughly herein. Defendant is liable to Plaintiffs for their personal injuries and damages sustained.

## V.    SECOND CAUSE OF ACTION FOR NEGLIGENT ENTRUSTMENT OF A MOTOR VEHICLE: DEFENDANTS JONATHAN LINDNER & KAREN LINDNER

5.1    Plaintiffs incorporates by reference Paragraphs 1 through 4.5, inclusive, of this complaint.

5.2    Defendants Jonathan Lindner and Karen Lindner are the registered owners of the subject vehicle Kingston Lindner was driving when he caused the Plaintiffs' injuries.

5.3    Defendants Jonathan Lindner and Karen Lindner knew, or should have known, that Kingston Lindner was incompetent or unfit to drive the vehicle, but still permitted Kingston Lindner to drive the vehicle.

5.4    Plaintiffs have suffered in excess of $500,000 in present and future medical treatment, pain and suffering and future rehabilitation.

5.5     Defendant Kingston Lindner's incompetence and/or unfitness to drive
was a substantial factor in causing harm to the Plaintiffs.

## VI.    THIRD CAUSE OF ACTION FOR BAD FAITH:
## DEFENDANT GEICO

6.1     Plaintiffs incorporates by reference Paragraphs 1 through 5.5,
inclusive, of this complaint.

6.2     Plaintiffs were insured under a policy of liability insurance issued by
GEICO.

6.3     Plaintiffs' damages exceed the policy limits for the insurance
coverage issued to Defendants Jonathan Lindner and Karen Lindner. Plaintiffs
made a claim against GEICO for the policy limits.

6.4     GEICO failed to conduct a full, fair, prompt, and thorough
investigation of Plaintiffs' claims. GEICO had a duty to diligently search for and
consider evidence that supported coverage of the claimed loss.

6.5     Plaintiffs are informed, believe, and thereon allege that the adjusters
and claim handlers who failed to conduct a full, fair, prompt, and thorough
investigation of Plaintiffs' claims, had sufficient discretion for the law to impute
their actions concerning the claim to the corporation, or disposed of Plaintiffs'
claim with little or no supervision.

6.6     Plaintiffs have suffered in excess of $500,000 in present and future

medical treatment, pain and suffering and future rehabilitation, and will continue to

suffer, damages as a result of the GEICO's bad faith.


## VII.   GENERAL DAMAGES: AGAINST ALL DEFENDANTS

7.1     Plaintiffs incorporates by reference Paragraphs 1 through 6.6,

inclusive, of this complaint.

7.2     Plaintiff Gregory Burke sustained injuries to his neck, back, and left

shoulder in this collision. Mr. Burke received physical therapy, chiropractic care,

and acupuncture. Mr. Burke also had imaging done. These images revealed

thickening of Mr. Burke's supraspinatus, subscapularis, and infraspinatus tendons.

These images also revealed herniation of several discs in Mr. Burke's cervical

spine. Mr. Burke's neurological surgeon who opined that, as a result of the injuries

sustained in this collision, Mr. Burke will require a C5-C7 Anterior Cervical

Discectomy Fusion, which is estimated to cost $191,450.00. Plaintiff will also

require future rehabilitation. As a direct and proximate result of the trauma of the

incident, pain and suffering, and current and future medical treatment, Plaintiff

Gregory Burke has suffered damages in the amount of **$500,000.00**.

7.3     Plaintiff Alexis Burke sustained injuries to her neck, back, and
shoulders in this collision. When Ms. Burke's injuries failed to improve, she
sought treatment. The treatment providers there found that she had sustained
muscle, fascia, and tendon strains in her neck, segmental and somatic dysfunction
of her cervical, thoracic, lumbar, and pelvic regions, and an injury to her left
shoulder. Ms. Burke then underwent a course of care involving chiropractic
treatment and therapeutic exercises for the next several months. As a result of the
trauma of the incident, pain and suffering, and current and future medical
treatment, Plaintiff Alexis Burke has suffered damages in the amount of
**$24,000.00**.

## VIII.  PUNITIVE DAMAGES: AGAINST DEFENDANTS KINGSTON
## LINDNER AND GEICO

8.1     Plaintiff incorporates by reference Paragraphs 1 through 7.3,
inclusive, of this complaint.

8.2     Defendant Kingston Lindner's acts were carried out with a conscious
disregard for an extreme danger of risk and the rights of others and with actual
awareness that his acts would, in reasonable probability, result in serious personal
injury or death. Defendant caused substantial, serious and permanent personal
injury to Plaintiffs and engaged in acts or omissions that, when viewed objectively,

involved an extreme degree of risk, and a knowingly and willful violation of the law, without regard for the probability and magnitude of the potential harm to others.

8.3    Defendant GEICO acted in bad faith in failed to conduct a full, fair, prompt, and thorough investigation of Plaintiffs' claims. Defendant GEICO has, in bad faith, refused to pay Plaintiffs' medical expenses and/or tender its policy limits. The adjuster or claims handler operates independently and made a final decision of Plaintiff's claims, and he/she/they rightly should be considered the insurer's "managing agent for purposes of assessing punitive damages." *Mazik v. GEICO Gen. Ins. Co.*, 35 Cal. App. 5th 455, 462-65 (2019); and, *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 822 (1979).

## IX.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request this Court entered judgment against the above-named Defendants for compensatory damages in an amount in excess of the $750,000, together with pre- and post-judgment interest, costs, and exemplary damages in an amount sufficient to punish the Defendants for their willful, wanton, reckless and bad faith conduct.

By: _____
Gregory Burke

By: _____
Alexis Burke